1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7   MATTHEW MACVICAR,                        Case No.  14-cv-03553-JD
8
9                        Plaintiff,
10          v.                               **ORDER OF DISMISSAL WITH LEAVE**
                                             **TO AMEND**
11
12   Dr. ADAMS, et al.,
13
14                       Defendants.
15
16          Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.
17   He has been granted leave to proceed in forma pauperis.
18                                      **DISCUSSION**
19   **I.      STANDARD OF REVIEW**
20          Federal courts must engage in a preliminary screening of cases in which prisoners seek
21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
22   § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims
23   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
24   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se
25   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
26   Cir. 1990).
27          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
28   claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

1  factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

2  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

4  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

5  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

6  face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

7  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

8  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

9  should assume their veracity and then determine whether they plausibly give rise to an entitlement

10  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

12  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

13  committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

15  Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs.

16  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription

17  against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v.*

18  *Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc.*

19  *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate

20  indifference" involves an examination of two elements: the seriousness of the prisoner's medical

21  need and the nature of the defendant's response to that need.  *Id.* at 1059.

22  A serious medical need exists if the failure to treat a prisoner's condition could result in

23  further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The existence of

24  an injury that a reasonable doctor or patient would find important and worthy of comment or

25  treatment, the presence of a medical condition that significantly affects an individual's daily

26  activities, or the existence of chronic and substantial pain are examples of indications that a

27  prisoner has a serious need for medical treatment.  *Id.* at 1059-60.

28  A prison official is deliberately indifferent if he or she knows that a prisoner faces a

1   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

2   it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

3   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

4   also "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk,

5   but did not actually know, the official has not violated the Eighth Amendment, no matter how

6   severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).  "A difference

7   of opinion between a prisoner-patient and prison medical authorities regarding treatment does not

8   give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In

9   addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical

10   indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the

11   denial was harmful."  *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th

12   Cir. 1985).

13        Plaintiff describes events at Merced County Jail and North Kern State Prison ("NKSP")

14   which are located in the Eastern District of California, and CTF-Soledad in the Northern District

15   of California.  On September 20, 2013, plaintiff was transferred to CTF-Soledad.  Prior to the

16   transfer, plaintiff was experiencing back problems related to a degenerative disc disease in his

17   lower lumbar and issues with a hernia.  It appears that treatment was delayed at Merced County

18   Jail and NKSP.  Plaintiff states that doctors at CTF-Soledad did not want to perform surgery

19   because plaintiff's abdominal muscles were severely torn and damaged and an operation could

20   result in his back problems worsening.  In December 2013, plaintiff underwent surgery at Twin

21   Cities Hospital.  Plaintiff states that it was a laparoscopic surgery instead of an 'inscional'

22   procedure, which the Court construes to mean a non-invasive open procedure.  Plaintiff alleges

23   that his medical care violated the Eighth Amendment.

24        To the extent plaintiff wishes to raise claims regarding the delay in surgery or his treatment

25   at Merced County Jail and NKSP, he should file a case in the Eastern District of California.  The

26   allegations against the CTF-Soledad defendants are dismissed with leave to amend.  Plaintiff must

27   identify the specific defendants and describe how they were deliberately indifferent to his serious

28   medical needs.  A review of plaintiff's exhibits indicates that shortly after he arrived at CTF-

Soledad he was seen by a primary care doctor, a specialist regarding his hernia, he received a surgery consult, was prescribed increased pain mediation, and surgery was scheduled.  While plaintiff disagrees with the timing of the surgery, the treatment he received, and the type of surgery that was performed, he has failed to adequately describe an Eighth Amendment claim.  In an amended complaint plaintiff must describe how the actions of medical staff arose to the level of a constitutional deprivation.

**CONCLUSION**

1.       The complaint is **DISMISSED** with leave to amend.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2.       It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     **IT IS SO ORDERED.**

Dated:  September 3, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4

1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7      MATTHEW MACVICAR,                      Case No.  14-cv-03553-JD

                 Plaintiff,
8
                                              **CERTIFICATE OF SERVICE**
        v.
9
10     A. ADAMS, et al.,

                 Defendants.
11

12           I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
       District Court, Northern District of California.
13

14           That on 9/4/2014, I SERVED a true and correct copy(ies) of the attached, by placing said
       copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15     said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
       located in the Clerk's office.
16

17     Matthew  MacVicar ID: AP 7085
       CTF
18     P O Box 705
       Soledad, CA 93960
19

20

21     Dated: 9/4/2014

22

23                                            Richard W. Wieking
                                              Clerk, United States District Court
24

25

26                                            By:  _Lisa R. Clark_
                                              LISA R. CLARK, Deputy Clerk to the
27                                            Honorable JAMES DONATO

28

5