UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW MACVICAR,

    Plaintiff,

    v.

A. ADAMS, et al.,

    Defendants.

Case No. 14-cv-03553-JD

**ORDER DISMISSING CASE**

    This is a civil rights case filed pro se by state prisoner. On September 4, 2014, the Court found that plaintiff had failed to state a claim and dismissed the complaint with leave to amend after identifying its deficiencies. The time to amend has passed and plaintiff has not filed an amended complaint.

    Plaintiff did file a request that another individual be granted "next friend" status to litigate the case on plaintiff's behalf. The Supreme Court recognized in *Whitmore v. Arkansas*, 495 U.S. 149 (1990), that a third party could file and pursue a claim on behalf of a habeas petitioner[1] if he demonstrates standing as a "next friend." *Id*. at 163. A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id*. The Court set out "at least two firmly rooted prerequisites to 'next friend' standing":

    First, a next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the

---

[1] "Next friend" standing is generally seen in context of prisoner who is unable, because of mental incompetence, to seek relief. However, district courts have considered its application to petitions challenging conditions of confinement if inaccessibility can be proven. *See e.g. Jones v. Corzine*, 2010 WL 1948352, *14 (D.N.J. 2010).

> best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Whitmore*, at 163-64 (citations omitted).

Other than stating that plaintiff is a layman, plaintiff and the "next friend" have failed to meet their burden in describing why plaintiff is unable to litigate this case and that the "next friend" is dedicated to plaintiff's best interests. The request is therefore denied.

Because plaintiff has not filed an amended complaint, this case is **DISMISSED** for failure to state a claim upon which relief can be granted. If plaintiff wishes to continue with this case he must file a brief motion to reopen and an amended complaint addressing the deficiencies described in the prior Court order.

**IT IS SO ORDERED**.

Dated: December 29, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW MACVICAR,

        Plaintiff,

   v.

A. ADAMS, et al.,

        Defendants.

Case No. 14-cv-03553-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/29/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Matthew  MacVicar ID: AP 7085
CTF
P O Box 705
Soledad, CA 93960

Dated: 12/29/2014

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

3